UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBI GAINES,<br><br>           Plaintiff,<br><br>   v.<br><br>YUN ZHOU, et al.,<br><br>           Defendants. | Case No. 23-cv-06561-RMI<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE** |

Plaintiff, a detainee, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and Plaintiff has filed an amended complaint.

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

1  detailed factual allegations in a complaint, the complaint must do more than recite elements of a
2  cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to
3  raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
4  U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is
5  plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile
6  legal conclusions can provide the framework of a complaint, they must be supported by factual
7  allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
8  veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft
9  v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that police officers lied in a probable cause warrant that led to his arrest.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *see, e.g.*, *Fortson v. Los Angles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (existence of probable cause is complete defense to § 1983 claim alleging false arrest)

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Consequently, such a claim for damages, that is, one bearing such a relationship to a conviction or sentence that has not been so invalidated, is not cognizable under § 1983. *Id*. at 487.

1     In a different context, in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the
2  "*Heck* rule for deferred accrual [of the statute of limitations] is called into play only when there
3  exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding
4  criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays
5  accrual of the limitations period only if there is an existing conviction on the date the statute of
6  limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is
7  when the plaintiff's confinement is no longer without legal process, but rather becomes a
8  confinement pursuant to legal process, for example, when he or she is bound over by a judge or
9  arraigned on charges. *Id*. at 389-90. Although the Court was only considering when the statute of
10 limitations began running on a false arrest or false imprisonment claim, the discussion quoted
11 suggests that *Heck* does not apply if there is no extant conviction – for instance, if a plaintiff has
12 only been arrested or charged.

13    Accordingly, if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or
14 files any other claim related to rulings that likely will be made in a pending or anticipated criminal
15 trial, it is within the power of the district court, and accords with common practice, to stay the civil
16 action until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the
17 plaintiff is thereafter convicted, and if the stayed civil suit would impugn that conviction, *Heck*
18 requires dismissal; otherwise, the case may proceed. *Id*. at 394.

19    In the original complaint, Plaintiff stated that on January 16, 2020, a probable cause arrest
20 warrant was issued with false information. Plaintiff was arrested that day with a firearm. The
21 original complaint was dismissed with leave to amend to provide more information. The Court
22 noted that Plaintiff was in jail and if he was in custody related to this arrest, he could not obtain
23 money damages unless the charges were dropped, or the conviction expunged. If the prosecution
24 was ongoing, the case must be stayed until the criminal case concluded. In the amended complaint
25 Plaintiff clarifies that he is currently being prosecuted for this incident; therefore, pursuant to
26 *Wallace*, this case is stayed.

**CONCLUSION**

For the foregoing reasons, this action is **STAYED**. Within **twenty-eight (28) days** of the date on which he is acquitted, convicted, or charges are dismissed, Plaintiff must file a motion to lift the stay. If Plaintiff is convicted and if the claim would impugn that conviction, the action will be dismissed; otherwise, his claim may then proceed. In light of the stay, Plaintiff should not file any more documents in this action until the criminal proceedings have concluded. In the meantime, the Clerk of Court shall **ADMINISTRATIVELY CLOSE** the case.

**IT IS SO ORDERED.**

Dated: February 13, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

4